UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

STEPHEN FAUSS,

    Plaintiff,

v.                                                                                  CASE NO.: 3:23-cv-1034

SEDGWICK CLAIMS MANAGEMENT
SERVICES INC., a Foreign for Profit                    **JURY TRIAL DEMANDED**
Corporation,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, STEPHEN FAUSS ("Plaintiff"), by and through the undersigned counsel, and sues Defendant, SEDGWICK CLAIMS MANAGEMENT SERVICES INC., ("Defendant"), and in support states as follows:

**Jurisdiction and Venue**

1. This is an action for damages by Plaintiff, against his former employer for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq*. ("FLSA") for the time period while Plaintiff was employed with the title of "Benefits Liaison."

2. This Court has jurisdiction over Plaintiff's FLSA claims, pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

3. Venue is proper in this District because a substantial part of the events and omissions giving rise to the claims occurred in this District. At all times material to Plaintiff's claims, Defendant has conducted substantial, continuous, and systematic commercial activities in this district. In addition, Plaintiff resided and performed his work in this District for Defendant.

1

**Parties and Factual Allegations**

4. Plaintiff, Stephen Fauss, is an individual *sui juris* who at all times relevant resided in Rowlett, Texas.

5. Plaintiff was employed by Defendant and held the title of "Benefits Liaison" from on or around April 11, 2021, through on or around October 23, 2021; and was paid a salary.

6. The majority of Plaintiff Fauss' job duties while he held the title of Benefits Liaison were related to processing claims for specific clients of Defendant, providing customer service, sending emails, and the gathering of documentation to input mandatory information into forms and applications.

7. Plaintiff Fauss' job duties were nearly identical to those of his prior position which was reclassified from exempt to non-exempt by Defendant on March 22, 2021; twenty (20) days before Defendant transferred Plaintiff Fauss to the exempt position of Benefits Liaison.

8. Plaintiff was an employee of Defendants as defined by 29 U.S.C. § 203(e).

9. Defendant, SEDGWICK CLAIMS MANAGEMENT SERVICES INC., a Foreign for Profit Corporation, operates a business located in, among other locations, Dallas County, Texas.

10. Defendant is an enterprise engaged in interstate commerce with annual gross business of $500,000.00 or more.

11. Defendant is an employer of Plaintiff as defined by 29 U.S.C. § 203(d).

12. At all relevant times Defendant directly, or through its agents or other persons, employed Plaintiff as a Benefits Liaison and exercised control over the wages, hours, and working conditions of Plaintiff while he was a Benefits Liaison.

13. During the time period Plaintiff was a Benefits Liaison with Defendant, Plaintiff worked in excess of forty (40) hours per week, but was not compensated for all hours worked in excess of forty (40) hours at a rate not less than one-and-one-half times his regular rate of pay.

14. During the time period Plaintiff was a Benefits Liaison, Plaintiff worked in excess of forty (40) hours per week, Defendant was aware of, and suffered or permitted the same.

15. Defendant classified Plaintiff as salaried exempt Benefits Liaison knowing and/or showing reckless disregard for whether its conduct was prohibited by the FLSA.

16. Plaintiff sustained damages from Defendant's failure to pay overtime compensation to Plaintiff while Plaintiff was a Benefits Liaison.

17. Plaintiff Fauss entered into a Tolling Agreement with Defendant on March 30, 2023, in order to preserve his claims while the parties investigated if they could reach a resolution pre-suit. In doing so, Plaintiff Fauss agreed to not file a complaint or initiate any other legal proceeding against Sedgwick relating to the Tolled Claims up through May 8, 2023. The parties were unable to reach a resolution. As a result, the instant Complaint was filed.

18. Plaintiff retained LYTLE & BARSZCZ to represent him in this matter and has agreed to pay said firm attorneys' fees and costs for its services.

## COUNT I
## Violation of the Overtime Provisions
## of the Fair Labor Standards Act

19. Plaintiff repeats and incorporates by reference each and every allegation set forth in Paragraphs 1 through 18 above, as if fully set forth herein.

20. Plaintiff was an employee of Defendant as defined by 29 U.S.C. § 203(e).

21. Defendant was an employer of Plaintiff as defined by 29 U.S.C. § 203(d).

22. Defendant is an enterprise engaged in interstate commerce with annual gross business of $500,000.00 or more.

23. While Plaintiff was a Benefits Liaison, Plaintiff regularly worked in excess of forty (40) hours per week, averaging fifty (50) hours per work week during the relevant lookback period, with certain weeks exceeding that average.

24. While Plaintiff was a Benefits Liaison, Defendant failed to pay Plaintiff the required overtime rate, one-and-one-half times his regular rate, for all hours worked in excess of forty (40) hours per week.

25. Defendant willfully failed to keep proper records of all hours worked by Plaintiff as required by 29 U.S.C. § 211(c), while Plaintiff was a Benefits Liaison even though Plaintiff was entitled to overtime compensation.

26. Defendant's failure to pay the required overtime rate was willful and/or the result of a common policy or plan that Plaintiff was subjected to, which resulted in Plaintiff not being paid one-and-one-half times his regular rate for all hours worked in excess of forty (40) hours per week while he was a Benefits Liaison.

27. Due to Defendant's willful violation of the FLSA, a three (3) year statute of limitation applies.

28. As a result of Defendant's violations of the FLSA, Plaintiff suffered damages.

29. Plaintiff retained LYTLE & BARSZCZ to represent him in this matter and has agreed to pay said firm attorneys' fees for its services.

**WHEREFORE** Plaintiff demands judgment against Defendant for the following:

A. Unpaid overtime proven to be due and owing for the time period while he was a Benefits Liaison;

B. An additional amount equal to unpaid overtime proven to be due and owing in liquidated damages;

C. Pre- and post-judgment interest as allowed by law;

D. Attorneys' fees and costs; and

E. Such other relief as the Court finds just and equitable.

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted on this 9th day of May 2023.

*/s/ David V. Barszcz, Esq.*
**David V. Barszcz, Esquire**
Florida Bar No.: 0750581
**LYTLE & BARSZCZ**
533 Versailles Drive, 2nd Floor
Maitland, Florida 32751
Telephone: (407) 622-6544
Facsimile: (407) 622-6545
dbarszcz@lblaw.attorney
**Counsel for Plaintiff**